**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAMES L. ROSS,  )  <br>       Plaintiff, ) <br> vs. ) <br> ) <br> JAMES BELL, et al., ) <br>       Defendants. ) | No. 3:15-CV-3597-L-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be *sua sponte* **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

On October 21, 2015, McMaster Kerr, LLC filed an eviction action against James L. Ross (Ross) and all occupants of 3811 Wendelkin Street, Dallas, Texas 75215 (the Property) in the Justice of the Peace Court, Precinct 1, Place 1, of Dallas County, Texas. (doc. 3 at 4, 5.)[1] The Justice of the Peace entered judgment in favor of the plaintiff in that case, Cause No. JE-1507022H, on November 3, 2015. (*Id.* at 4.) On November 6, 2015, Ross filed a "Notice of Removal to the United States District Court" purporting to remove the case to the federal district court for the Northern District of Texas, Dallas Division. (*Id*. at 1-2.) Attached to the notice is a copy of his complaint in *Ross v. Bell et al.,* Cause No. 3:15-CV-3350-B (N.D. Tex.), alleging violations of his civil rights under 42 U.S.C. § 1983 apparently based, in part, on the foreclosure of the Property. (*Id.* at 6-11.)

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

**A.     Federal Question Jurisdiction**

Here, the notice of removal does not allege a basis for jurisdiction. The attachment of the

complaint in Ross' pending civil rights action is liberally construed as an assertion that federal question jurisdiction exists over this action based on his constitutional claims in that case.

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's pleadings* must raise the federal claim or issue") (emphasis in original). A post-foreclosure action for forcible detainer and writ of

3

possession arises solely under state law and does not provide a basis for federal jurisdiction. *See Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *4 (holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide basis for federal question jurisdiction).

Ross has not shown that his constitutional claims in his pending civil rights action were raised on the face of the forcible detainer petition in the state action.[2] Those claims therefore cannot provide the basis for federal question jurisdiction over this case.

**B.**     **Diversity Jurisdiction**

Although Ross does not assert that federal jurisdiction exists based on diversity of citizenship, it is also considered.

**1.**     *Citizenship*

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because the notice of removal does not "distinctly and affirmatively" allege any of the parties' citizenship, Ross has not met his burden to show diversity of citizenship.

In addition, a case may not be removed to federal court on the basis of diversity jurisdiction

---

[2] Although a judgment had been entered in the forcible detainer action prior to removal, it does not preclude removal because the time for direct appellate review of that case has not run. *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 305 (5th Cir. 2014).

"if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir.2009). Although Ross has failed to adequately demonstrate the citizenship of any party, it appears that he is a citizen of Texas. He therefore cannot remove the case to federal court on the basis of diversity jurisdiction. *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12–CV–1967–N–BH, 2012 WL 4005910, at *3 (N.D.Tex. Aug.16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D.Tex. Sep.11, 2012).

## 2. *Amount in Controversy*

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP*

*Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issues apparently raised in the forcible detainer action are the right to possession and to unpaid rent in the amount of $1600. (*See* doc. 3 at 4.) Delinquent rents may also be recovered in a forcible detainer action. Tex. Prop.Code § 24.0051 (providing that a landlord may sue for possession of the premises and unpaid rent). Ross has not shown that the plaintiff disputed the title to the Property, or sought any debt related to the property in the forcible detainer action that exceeds $75,000, so he cannot show that the amount in controversy requirement for diversity jurisdiction has been met. *See Bank of New York Trust Co. N.A. v. Olds*, No. 3:08–CV–0630–K, 2008 WL 2246942 at *2 (N.D.Tex. May 30, 2008) (evidence that occupant owed more than $2,000 in past due rent, plus $470.36 per month for thirty months, was insufficient to satisfy amount-in-controversy requirement). He has therefore not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the Justice of the Peace Court, Precinct 1, Place 1, of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 9th day of November, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE